**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60434
Summary Calendar

SHANIKA SHONTA BUSH ELLIS, through her guardian ad litem,
Stephanie Ellis; JONATHAN TARRELL ELLIS, through his guardian
ad litem, Catherine O'Banner; SHEMIKA N. HILL, through her
guardian ad litem, Verendia Hill, on behalf of themselves
and all others similarly situated,

Plaintiffs-Appellees,

VERSUS

HELEN WETHERBEE, in her official capacity as Executive
Director of the Mississippi Division of Medicaid,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(1:92-CV-529)

May 5, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

   The Plaintiffs in this case filed suit alleging civil rights

violations under 42 U.S.C. § 1983.  The Plaintiffs alleged that the

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Mississippi Department of Medicaid ("MDM") was not complying with the Federal Medicaid Act. Medicaid is administered by states who participate in the Medicaid program, such as Mississippi. The participating states are subject to mandatory federal statutory and administrative guidelines. Under the Federal Medicaid Act, a program known as the Early and Periodic Screening, Diagnosis and Treatment ("EPSDT") program was established to furnish medical assistance to all Medicaid-eligible children under age 21. The State of Mississippi, following federal guidelines, promulgated an EPSDT Manual setting forth the terms and conditions of its program.

Following settlement of their dispute, the Plaintiffs sought an award of attorneys' fees under 42 U.S.C. § 1988. The district court granted the Plaintiffs' motion, and awarded fees and expenses in the amount of $13,422.27 against MDM. MDM appeals the district court's awarding of attorneys' fees to the Plaintiffs.

MDM argues that the Plaintiffs should not be afforded "prevailing party" status as they did not obtain a final judgment or any adjudication against MDM. We disagree. The Plaintiffs, in their Complaint, asserted that the Mississippi EPSDT program contravened with federal law. For example, Plaintiffs complained that the Mississippi program required "prior authorization" for an interperiodic lead screening test, whereas the federal law precluded any prior authorization. Not until this suit was filed and MDM's motion for summary judgment was denied did the State of Mississippi change its EPSDT program to eliminate the prior

2

authorization requirement. As the district court found, the Plaintiffs were successful in causing a substantial change in the policy and procedures of the EPSDT lead testing program. After the State of Mississippi agreed to change the policy and procedures of its EPSDT program, the district court, based on this settlement, dismissed the complaint as moot. Based on these facts, we conclude the district court was correct in according the Plaintiffs "prevailing party" status. <u>See</u> <u>Farrar v. Hobby</u>, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (stating that to qualify as a prevailing party, the plaintiff must obtain comparable relief through a consent decree or settlement). We find MDM's remaining arguments to be without merit.

Therefore, this Court, having reviewed the record, the parties' briefs, and the applicable law, finds that the district court did not abuse its discretion in awarding attorneys' fees to the Plaintiffs. We find it to be a close question but from an examination of the record, we are persuaded that the district court sufficiently considered and applied the factors enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), although the articulation of that process by the district court is less than complete.

AFFIRMED.